FILED

2010 NOV 4 AM 10 59

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | No. CR-07-120-GF-SEH |
|---|---|
| Plaintiff/Respondent, | CV-10-69-GF-SEH |
| vs. | |
| JAMES LEE BROWN, | ORDER |
| Defendant/Movant. | |

On October 29, 2010, Defendant/Movant James Lee Brown (Brown) moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Brown is a federal prisoner proceeding pro se.

Brown seeks credit for time served in custody prior to the pronouncement of federal sentence on August 4, 2008. Mot. § 2255 (doc. 94) at 4 ¶ 12A. He notes that his sentence was imposed to run concurrently with any undischarged state sentence. Id.; see also Sentencing Tr. (doc. 91) at 20:15-20; Judgment (doc. 82) at 2. The motion lacks merit.

First, neither Brown's state sentence for criminal distribution of dangerous drugs nor any of his numerous theft and forgery convictions in state court gave rise to an increase in the offense level under the advisory sentencing guidelines. Presentence Report ¶¶ 24-34, 41, 43, 47-50, 52-57. Brown was not entitled to an adjustment to account for time in custody prior to federal sentencing. See U.S.S.G. § 5G1.3(b) (referring to U.S.S.G. § 1B1.3(a)(1)-(3)); Reynolds v. Thomas, 603 F.3d 1144, 1149 (9th Cir. 2010).

Second, Brown is entitled to credit for time served in custody before sentencing only if that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Brown was writted out of state custody to appear in this Court on January 18, 2008. Pet. for Writ (doc. 37); Order (doc. 39); Minutes (doc. 54); Presentence Report ¶ 2. Federal jurisdiction was and remained secondary to the State of Montana's jurisdiction. See Taylor v. Reno, 164 F.3d 440, 444-46 (9th Cir. 1998). Brown received credit against his state sentence from January 18 to August 4, 2008. He is not entitled to credit against both sentences. Further, his federal sentence did not commence until it was pronounced on August 4, 2008. See 18 U.S.C. § 3585(a); Taylor, 164 F.3d at 444.

Finally, the Court pronounced sentence to commence on the date of sentencing. For the reasons set forth at sentencing, a sentence of less than 41 months from the

2

date of sentencing would not have been imposed. Sentencing Tr. at 12:25-16:25.

A certificate of appealability is not warranted. Since sentence was imposed on the understanding that it would commence on the date it was pronounced, reasonable jurists could not find that Brown is entitled to the credit he seeks or that further proceedings should be encouraged. Rule 11(a), Rules Governing § 2255 Proceedings; Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

ORDERED:

1. Brown's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 94) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Brown files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV-10-69-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Brown.

DATED this 4th day of November, 2010.

SAM E. HADDON
United States District Judge